IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL MONTANO,

   Plaintiff,      No. CIV S-07-0800 LKK EFB P

 vs.

SOLOMON, et al.,

   Defendants.
             ORDER AND FINDINGS
             AND RECOMMENDATIONS

_____/

   Plaintiff is a state prisoner proceeding without counsel and *in forma pauperis* in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). Currently pending before the court is plaintiff's second amended complaint, which the court must review pursuant to 28 U.S.C. § 1915A.

   Plaintiff commenced this action by filing a complaint on October 19, 2006. Before the court could review that complaint, plaintiff filed a first amended complaint. On April 8, 2008, the court reviewed the amended complaint and found that plaintiff failed to state a claim for relief, explained the defects in the complaint and gave plaintiff the opportunity to file a second amended complaint. Plaintiff filed a second amended complaint on June 4, 2008, naming five defendants: Dr. Solomon, Dr. Alvaro C., Dr. Tran, B. Naku and Dr. A. Noriega.

////

1

The court has reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and finds that it states a claim that defendant Dr. Tan was deliberately indifferent to plaintiff's serious medical needs. However, for the following reasons, it fails to state a claim for relief against Naku, Noriega, Solomon or Traquina. One of the defects the court identified in the first amended complaint was plaintiff's failure to connect particular defendants with alleged wrongdoing. He has not cured this defect with respect to defendants Naku, Noriega or Traquina. Plaintiff does not explain what they did or did not do that might give rise to a claim for relief against them. Therefore, these defendants must be dismissed.

Plaintiff does assert specific allegations against defendant Solomon about the medical care plaintiff received in 2005. However, the allegations are not adequate. To state a claim that defendants provided constitutionally inadequate medical care, plaintiff must allege acts or omissions evidencing that identified defendants knew of and disregarded plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Neither defendants' negligence nor plaintiff's general disagreement with the treatment he received suffices to state a claim. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996). With these standards in mind, the court turns to plaintiff's allegations against Doctor Solomon.

Plaintiff alleges that on March 16, 2005, Dr. Solomon prescribed naproxen and chorpheniramine for plaintiff. He alleges that on April 14, 2005, after taking these medications he broke out in a rash and was taken to the medical clinic where it was discovered that he had low blood pressure. A nurse in the clinic called Dr. Solomon, who telephonically gave orders for the nurse to give plaintiff a pass to return to the medical clinic the following day, but it appears that the pass was not honored. Plaintiff alleges that he was required to submit a new request in order to gain access to the medical clinic. The only mention of Dr. Solomon is that he prescribed these two medications and that he authorized plaintiff to return to the medical clinic

2

without having to utilize the ordinary bureaucratic mechanism of submitting a request. Plaintiff does not allege that Dr. Solomon knew, or had information from which he inferred, that these medications posed a risk to plaintiff's health. Neither does he allege that Dr. Solomon, after authorizing plaintiff's return to the clinic the next day, without reason revoked that authorization. Finally, plaintiff neither identifies those who attended to him in the clinic nor claims that the treatment he received from them was inadequate. The court cannot find that plaintiff has stated an Eighth Amendment claim against Dr. Solomon.

For all these reasons, the court finds that service is appropriate for Dr. Tan, but claims against all the other defendants must be dismissed.

Accordingly, it hereby is ORDERED that:

1. Service is appropriate for defendant Dr. Tan.

2. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet and one copy of the June 4, 2008, pleading.

3. Within 30 days from service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit it to the court with the completed summons and USM-285 form and two copies of the endorsed June 4, 2008, pleading.

4. Upon receipt of the necessary materials, the court will direct the United States Marshal to serve defendants Dr. Tan pursuant to Federal Rule of Civil Procedure 4 without payment of costs. Failure to comply with this order will result in a recommendation that this action be dismissed.

It further is RECOMMENDED that all claims against defendants Dr. Solomon, Dr. Alvaro C. Traquina, B. Naku and Dr. A. Noriega be dismissed with prejudice on the ground that plaintiff fails to state a claim for relief against them. *See* 28 U.S.C. § 1915A.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
3  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
4  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
5  Dated:  June 10, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL MONTANO,

      Plaintiff,               No. CIV S-07-0800 LKK EFB P

      vs.

SOLOMON, et al.,

      Defendants.         NOTICE OF SUBMISSION OF DOCUMENTS

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      __1__      completed summons form

      __1__      completed forms USM-285

      __2__      copies of the __June 4, 2008__
                                      Second Amended Complaint

Dated:

                                            _____
                                                  Plaintiff