IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL MONTANO,

        Plaintiff,         No. CIV S-07-0800 KJN P

       vs.

SOLOMON, et al.,         AMENDED DISCOVERY AND

        Defendants.        SCHEDULING ORDER

                             /

       On February 9, 2010, this case was reassigned to the undersigned for all purposes. Docket No. 34. Presently pending are the requests of both parties that the time for discovery be extended, see Docket Nos. 28, 32, 33, which the court will grant for good cause shown. This change also requires an extension of time for filing dispositive motions.

       The only defendant remaining in this action is Dr. Richard Tan, M.D, Docket No. 25, who has answered the Second Amended Complaint, Docket No. 26.

       The deadline for discovery in this action was February 5, 2010. See Docket No. 27, at 4. Both parties sought an extension of this deadline prior to its expiration. Plaintiff seeks an extension of the deadline because: he was transferred from California State Prison-Solano to San Quentin on November 18, 2009, and has had limited access to his legal work; he cannot speak English so must rely on the assistance of bilingual inmates; and plaintiff has not received

1

responses to the discovery he has already propounded.  Defendant seeks an extension of the deadline due to the late assignment of current outside counsel to this case,[1] and the need for additional time to conduct meaningful discovery.

Good cause appearing, see Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 6(b)(1)(A) (request made prior to expiration of deadline), the parties' requests will be granted, and the discovery deadline extended to June 11, 2010.  The court will also extend the deadline for filing dispositive motions to September 10, 2010.

Pursuant to Fed. R. Civ. P. 1, 16, and 26-36, discovery shall proceed in accordance with paragraphs 1-5 of this order.  In addition, the court will set an amended initial schedule for this litigation.

Should this matter proceed to trial, the court will, by subsequent order, require the parties to file pretrial statements.  In addition to the matters required to be addressed in the pretrial statement in accordance with Rule 281, Local Rules of the United States District Court, Eastern District of California ("Local Rules"), plaintiff will be required to make a particularized showing in the pretrial statement in order to obtain the attendance of witnesses at trial.  Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in the pretrial statement.

At the trial of this case, the plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial evidence:  (1) exhibits; and (2) the testimony of witnesses.  It is the plaintiff's responsibility to produce all of the evidence to prove the claims, whether that evidence is in the

---

[1] Defendant states that this case was first served on the California Attorney General, who referred the matter in early October 2009 to the California Department of Corrections and Rehabilitation to obtain outside contract counsel.  Current counsel states that an answer was promptly filed October 5, 2009, to preserve defendant's rights.  Although counsel improperly names more than one defendant (Docket No. 33, at 1:26-27), and relies on an e-mail that does not appear related to the instant case (Docket No. 33-2, at 2, 4), his request for additional time to conduct discovery is well taken.

2

form of exhibits or witness testimony. If the plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

I. Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court. This court will not issue such an order unless it is satisfied that:

1. The prospective witness is willing to attend;

and

2. The prospective witness has actual knowledge of relevant facts.

With the pretrial statement, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must:

1. State the name, CDC Identification number, and address of each such witness;

and

2. Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

1. The party can swear by affidavit that the prospective witness has informed the party that he is willing to testify voluntarily without being subpoenaed. The party must state in the affidavit when and where the prospective witness informed the party of this willingness;

or

2. The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he is willing to testify without being subpoenaed.

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

1. The party can swear by affidavit that the prospective witness has actual knowledge. However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts. For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify.

Or

2. The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

////

////

## II. Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with the pretrial statement a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

## III. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily

It is the responsibility of the party who has secured an unincarcerated witness' voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the court.

## IV. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, <u>not earlier than four weeks and not later than two weeks before trial</u>, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. (Blank subpoena forms may be obtained from the Clerk of the Court.) Also, the party seeking the witness' presence must tender an appropriate sum of money to the witness through the United States Marshal. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness' travel expenses</u>.

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness' travel expenses plus the daily witness fee of $40.00, and a copy of the court's order granting plaintiff in forma pauperis status. Because no

statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is <u>required even if the party was granted leave to proceed in forma pauperis</u>.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motions (Docket Nos. 28 and 32), and defendant's motion (Docket No. 33), are GRANTED.

2. The parties may conduct discovery until <u>June 11, 2010</u>. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36, shall be served not later than <u>sixty (60) days prior</u> to that date.

3. All pretrial motions, except motions to compel discovery, shall be filed on or before <u>September 10, 2010</u>. Motions shall be briefed in accordance with paragraph 7 of this court's order filed June 29, 2009 (Docket No. 23).

4. Discovery requests shall be served by the party seeking the discovery on all parties to the action.[2] Discovery requests shall not be filed with the court except when required by Local Rules 250.1, 250.2, 250.3 and 250.4.

5. Responses to written discovery requests shall be due forty-five days after the request is served.

6. The parties are cautioned that filing of discovery requests or responses, except as required by rule of court, may result in an order of sanctions, including, but not limited to, a recommendation that the action be dismissed or the answer stricken.

7. Pursuant to Fed. R. Civ. P. 30(a), defendant may depose plaintiff and any other witness confined in a prison upon condition that, at least fourteen days before such a deposition, defendant serve all parties with the notice required by Fed. R. Civ. P. 30(b)(1).

---

[2] If an attorney has filed a document with the court on behalf of any defendant, then plaintiff must serve documents on that attorney and not on the defendant. <u>See</u> Fed. R. Civ. P. 5(b).

1       8. If disputes arise about the parties' obligations to respond to requests for discovery, the parties shall comply with all pertinent rules including Fed. R. Civ. P. 5, 7, 11, 26, and 37, and Local Rules 134, 135, 130, 131, 110, 142, and 230(l); but unless otherwise ordered, Local Rule 251 shall not apply. Filing of a discovery motion that does not comply with all applicable rules may result in imposition of sanctions, including but not limited to denial of the motion.

      9. Pretrial conference and trial dates will be set, as appropriate, following adjudication of any dispositive motion, or the expiration of time for filing such a motion.

      10. The Clerk of Court shall redesignate plaintiff's address as San Quentin State Prison, San Quentin, California 94974.

DATED: February 16, 2010

                                      /s/ Kendall J. Newman  
                                    KENDALL J. NEWMAN  
                                    UNITED STATES MAGISTRATE JUDGE

41dso.kjn.wpd