1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RAUL MONTANO,

11             Plaintiff,                          No. 2:07-cv-0800 KJN P

12        vs.

13   SOLOMON, et al.,                              ORDER

14             Defendants.

15   _____/

16             Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in

17   this civil rights action that proceeds on plaintiff's Second Amended Complaint against sole

18   defendant Richard Tan, M.D., based on plaintiff's claim that defendant was deliberately

19   indifferent to his medical needs.  On February 16, 2010, at the request of both parties, this court

20   extended the discovery deadline to June 11, 2010.  (Dkt. No. 35.)  Presently pending is plaintiff's

21   motion to compel discovery and for sanctions, pursuant to Fed. R. Civ. P. 34 and 45.  (Dkt. No.

22   36.)  For the following reasons, the court denies plaintiff's motion.

23             Plaintiff seeks an order compelling defendant's responses to his production

24   request served on defendant on January 5, 2010, and for sanctions.  (Dkt. No. 36.)  Defendant has

25   filed an opposition to plaintiff's motion, and defendant's counsel has filed a supporting

26   declaration.  (Dkt. No. 37.)

                                              1

1     Plaintiff's production request was served by mail on January 5, 2010.  Defendant

2     states that he, like plaintiff, sought an extension of the discovery deadline upon "realizing that the

3     documents and information inmate Montano was seeking would take longer than what was

4     expected." (Dkt. No. 37, at 2; see also Exh. 1.)  On February 25, 2010,  after the court had

5     extended the deadline, defendant's counsel "wrote a meet and confer letter to inmate Montano

6     advising him that the process to gather the information he was seeking was taking longer than

7     expected and suggested a two-week extension." (Dkt. No. 37, at 3; see also Exh. 2.)   The

8     extension was in part required because the requested information required counsel to contact

9     three different prison facilities.  (Id.)  Plaintiff responded on March 10, 2010 and, having already

10    filed the instant motion on February 19, 2010, declined to agree to the requested extension.[1]  (Id.

11    at Exh. 3.)  Thereafter, on March 12, 2010, plaintiff was personally served with defendant's

12    verified responses to the production request, the same date defendant filed his opposition to the

13    instant motion.  (Id. at Exh. 4.)

14         Defendant has submitted a detailed memorandum explaining that he produced

15    responsive documents that were both relevant and nonprivileged, but declined to disclose

16    documents protected by the official information privilege and the privacy rights of third parties.

17    (Dkt. No. 37.)  Plaintiff has not responded to this filing, apparently standing on the rationale of

18    his motion that "having been sent a competent motion within the rules, the defendant was

19    obligated to timely and properly respond within the time limitations specified within the Rules."[2]

20

21         [1]  Although the court docket indicates a filing date of February 24, 2010, February 19,
2010 is the date on which petitioner signed and delivered the instant motion to prison officials
22    for mailing.  (See Dkt. No. 36, at 4, 13.)  Pursuant to the mailbox rule, that date is considered the
filing date of the motion.  See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).
23

24         [2]  Plaintiff explains in more detail (Dkt. No. 36, at 2):

25         Unless plaintiff has the expectation that the defendant will comply with ALL of
         the Federal Rules, and that the Court will punish violations of those rules by ANY
         party, Federal Due Process and Equal Protection cannot be realized.  The Court
26         should recognize Plaintiff is already operating under a handicap in this litigation

1 (Dkt. No. 36, at 2.)  The court construes both the content of plaintiff's motion and the absence of

2 his reply to mean that he no longer seeks to compel defendant's production, but only seeks

3 sanctions for the delay in the production.

4            Plaintiff's reliance on Fed. R. Civ. P. 37 and 45 is misplaced.  Pursuant to Fed. R.

5 Civ. P. 37(b)(2)(C), a court may require a failing party to pay the other party's reasonable

6 expenses unless the failure was substantially justified or other circumstances make an award of

7 expenses unjust.  The court finds defendant's failure timely to respond to plaintiff's production

8 request to be substantially justified.  While defendant's response was more than a month late, it

9 was personally served only two days after plaintiff denied defendant's request to stipulate to an

10 extension of time.  By this time, the court had extended the discovery deadline, thus rendering *de*

11 *minimis* any prejudice plaintiff may otherwise have experienced.  Plaintiff also has sought and

12 obtained extensions of filing deadlines, (see Dkt. Nos. 13 and 14, 17 and 18), and the court finds

13 that defendant is entitled to the same deference.  Thus, the court finds no basis for awarding

14 sanctions.

15            Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel

16 discovery and for sanctions (Dkt. No. 36) is denied.

17 DATED:  May 13, 2010

18

19

20            KENDALL J. NEWMAN
             UNITED STATES MAGISTRATE JUDGE
21 mont0800.disc.

22 _____

23 as he is without counsel, does NOT speak or write English, and therefore has to
   rely on the services of another prisoner to do any and all court documents and
   responses.

24

25 Defendant has an attorney and thus has no excuses not to timely and properly
   respond to ALL process and procedures.  Under the circumstances plaintiff can
   only speculate as to the reason for defendant's abject failure to comply with the
26 spirit and intent of the Rules.

3