IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL MONTANO,

    Plaintiff,                        No. 2:07-cv-0800 KJN P

    vs.

SOLOMON, et al.,                      ORDER

    Defendants.
_____/

        Plaintiff has filed an "Appeal" to "the Article III Judge" (Dkt. No. 39) challenging this court's order filed May 13, 2010 (Dkt. No. 38), which denied plaintiff's discovery motion. Plaintiff seeks to revoke his Consent to Proceed Before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), which was agreed to by all parties and so ordered on December 30, 2009 (Dkt. No. 30).

        The order which plaintiff challenges denied his motion to compel discovery from sole defendant Richard Tan, M.D., and denied his related request for sanctions. Plaintiff asserted that defendant had wholly failed to respond to plaintiff's production request served January 5, 2010. Defendant explained in his opposition that on February 25, 2010 (after this court extended the discovery deadline in this action from February 16, 2010 to June 11, 2010, at the request of both parties), defendant's counsel had requested from plaintiff a further extension of time within

1

1  which to respond to plaintiff's discovery request.  Counsel pointed out that the extended period
2  was necessary because he had to contact three different prison facilities to obtain the information
3  plaintiff sought.  Having already filed the instant motion, plaintiff declined to agree to the
4  requested extension.  On March 12, 2010, two days after plaintiff's refusal, defendant personally
5  served on plaintiff his verified responses to plaintiff's production request.  In his opposition filed
6  the same day, defendant explained that he had produced responsive documents that were both
7  relevant and nonprivileged, but did not disclose documents protected by the official information
8  privilege or the privacy rights of third parties.

9  　　　　　Significantly, plaintiff did not file a reply to defendant's opposition.  The court
10 therefore "construe[d] both the content of plaintiff's motion and the absence of his reply to mean
11 that he no longer seeks to compel defendant's production, but only seeks sanctions for the delay
12 in the production."  (Dkt. No. 38, at 3.)  Applying Federal Rule of Civil Procedure 37(b)(2)(C),
13 the court found that defendant's failure to timely respond to plaintiff's production request was
14 substantially justified.  While more than a month late, it was personally served on plaintiff only
15 two days after plaintiff had denied defendant's request to extend the deadline, and the court had
16 significantly extended the discovery deadline, "thus rendering *di minimis* any prejudice plaintiff
17 may otherwise have experienced."  (Id.)  The court noted that plaintiff had also obtained two
18 extensions of filing deadlines.  The court concluded that "defendant is entitled to the same
19 deference" (id.), and therefore found no basis for awarding sanctions.  The court denied
20 plaintiff's discovery motion in full.

21 　　　　　That order is the basis for plaintiff's motion and to attempt to revoke his Consent
22 to Proceed Before a United States Magistrate Judge .

23 　　　　　"The right to adjudication before an Article III judge is an important
24 constitutional right.  However, this right, like other fundamental rights, can be waived" pursuant
25 ////
26 ////

2

to the consent of the parties under 28 U.S.C. § 636(c).[1]  United States v. Neville, 985 F.2d 992, 999 (9th Cir. 1993) (citations omitted); Dixon v. Ylst, 990 F.2d 478, 479-80 (9th Cir. 1993). Significantly, "there is no absolute right to withdraw consent once granted." Neville, 985 F.2d at 999.  Rather, a request to withdraw consent will be granted only upon a showing of good cause or extraordinary circumstances.  See 28 U.S.C. § 636(c)(4) ("The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection").  These requirements are strictly construed.  See, e.g., Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc., 53 F.3d 851, 852 (7th Cir. 1995) (party's legal successor bound by party's consent to jurisdiction of magistrate judge).

       Pertinent factors in the court's consideration of a request to withdraw consent to the jurisdiction of the magistrate judge are the timeliness of the request, whether granting the request would unduly interfere with or delay the proceedings, particularly relative to the burdens and costs to the litigants, and whether the party's consent was voluntary and uncoerced.  Neville, 985 F.2d at 1000, citing, inter alia, Carter v. Sea Land Services, Inc., 816 F.2d 1018, 1021 (5th Cir. 1987) (which considered "inconvenience to the court and witnesses, prejudice to the parties, whether the movant is acting pro se, whether the motion is made in good faith, and whether the interests of justice would be served by holding a party to his consent").

       This court finds that plaintiff, although proceeding without counsel, knowingly and voluntarily consented to the jurisdiction of the magistrate judge; that the case has proceeded expeditiously upon defendant's consent and the resulting reference of the case to the magistrate

---

[1] 28 U.S.C. § 636(c) provides in pertinent part:

Upon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.

3

judge; and that requiring plaintiff's adherence to his consent is reasonable and serves the interests of justice. A party's disagreement with a reasonable court ruling constitutes neither good cause nor extraordinary circumstance for withdrawing consent to the jurisdiction of the magistrate judge. Accordingly, plaintiff's request to withdraw his consent will be denied.

The court now turns to the substance of plaintiff's challenge to the court's discovery ruling. Plaintiff still fails to specify the responses he challenges or the documents he seeks. Therefore, in deference to plaintiff's pro se status, the court will extend the discovery deadline for the limited purpose of permitting plaintiff to file a substantive motion relative to the disputed production request, and to allow defendant time to respond.

Additionally, plaintiff requests appointment of counsel based on his indigence and inability to read and write English, requiring him to rely on other inmates to prepare his briefs. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Neither indigence nor lack of facility in English qualifies as an exceptional circumstance in a prisoner civil rights case. Therefore, plaintiff's request for the appointment of counsel will be denied.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to withdraw his consent to the jurisdiction of the magistrate judge is denied;

2. Plaintiff's request for appointment of counsel is denied;

3. The discovery deadline is extended for the limited purpose of permitting plaintiff additional time within which to challenge defendant's response to Plaintiff's Request for Production of Documents;

4. Plaintiff may file and serve, within 21 days of service of this order, a discovery

4

motion that conforms to the Federal Rules of Civil Procedure and the Local Rules of this court, and includes verbatim copies of the disputed production requests and defendant's responses thereto; failure of plaintiff to timely file such motion will be deemed a waiver of the challenge;

5. Defendant may file and serve, within 21 days after the date of service of plaintiff's motion, an opposition thereto; if, upon review of plaintiff's motion, defendant deems further production is necessary, such production shall be made within this 21-day period and so noted in defendant's opposition;

6. Plaintiff may but need not file and serve a reply within 7 days after service of the opposition (see Local Rule 230(m) for briefing deadlines); and

7. The court will issue an order addressing plaintiff's motion after it has been fully briefed.

SO ORDERED.

DATED: June 10, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mont0800.ext.ddl