IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL MONTANO,

      Plaintiff,                       No. 2:07-cv-0800 KJN P

      vs.

SOLOMON, et al.,                         ORDER

      Defendants.

_____/

         Plaintiff is a state prisoner proceeding without counsel in this civil rights action filed on October 19, 2006, pursuant to 42 U.S.C. § 1983. This action proceeds for all purposes pursuant to the authority of the magistrate judge, see 28 U.S.C. § 636(c) (Dkt. No. 30), and was reassigned to the undersigned magistrate judge on February 9, 2010. (Dkt. Nos. 34, 40.) This order addresses the parties' outstanding discovery and other motions.

BACKGROUND

         The case proceeds on plaintiff's Second Amended Complaint ("SAC"), filed June 4, 2008 (Dkt. No. 19), which the court found may state a potentially cognizable Eighth Amendment claim against sole remaining defendant Dr. Richard Tan, M.D. (Dkt. No. 21). Plaintiff alleges that on May 6, 2005, while allegedly suffering side effects to prescriptions for Naproxen and Chlorpheiramine, plaintiff was seen by defendant Dr. Tan, who was serving as a

1

medical doctor at California State Prison ("CSP")-Solano. (SAC (Dkt. No. 19), at pp. 7-8.) Plaintiff alleges that Dr. Tan observed but did not examine plaintiff, then prescribed Baclofen. (Id.) Plaintiff alleges that he took all three prescribed medications that afternoon, and then developed a rash and itching over his entire body. Plaintiff alleges that, while taking a shower, he lost consciousness and fell, sustaining injuries. Plaintiff alleges that his nose was bandaged, but he did not receive any examination or treatment for this teeth/mouth/gums or back, which he states were also hurting. (Id. at 8-9.) Plaintiff claims that defendant Tan was deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment. (Id. at 10-11.)

Defendant Tan answered the complaint on October 5, 2009. (Dkt. No. 26.) Thereafter, the former magistrate judge set a discovery deadline of February 5, 2010. (Dkt. No. 27.) On February 16, 2010, at the request of both parties, the undersigned extended the discovery deadline from February 5, 2010, to June 11, 2010, and the dispositive motion deadline from April 30, 2010, to September 10, 2010. (Dkt. Nos. 27, 35.) On February 24, 2010, plaintiff filed a motion for sanctions and to compel defendant's responses to Plaintiff's Request for Production (Set One) served on defendant on January 5, 2010. (Dkt. No. 36.) Defendant filed an opposition to the motion on March 12, 2010 (Dkt. No. 37). By order filed May 13, 2010, this court denied plaintiff's motion for the following reasons (set forth in detail because relevant to the matters currently pending):

> Plaintiff's production request was served by mail on January 5, 2010. Defendant states that he, like plaintiff, [thereafter] sought an extension of the discovery deadline upon "realizing that the documents and information inmate Montano was seeking would take longer than what was expected." (Dkt. No. 37, at 2; see also Exh. 1.) On February 25, 2010, after the court had extended the deadline, defendant's counsel "wrote a meet and confer letter to inmate Montano advising him that the process to gather the information he was seeking was taking longer than expected and suggested a two-week extension." (Dkt. No. 37, at 3; see also Exh. 2.) The extension was in part required because the requested information required counsel to contact three different prison facilities. (Id.) Plaintiff responded on March 10, 2010, and, having already filed the instant motion on February 19, 2010, declined to agree to the requested extension. (Id. at

2

> Exh. 3.) Thereafter, on March 12, 2010, plaintiff was personally served with defendant's verified responses to the production request, the same date defendant filed his opposition to the instant [plaintiff's former] motion. (Id. at Exh. 4.)
>
> Defendant . . . submitted a detailed memorandum explaining that he produced responsive documents that were both relevant and nonprivileged, but declined to disclose documents protected by the official information privilege and the privacy rights of third parties. (Dkt. No. 37.) Plaintiff has not responded to this filing, apparently standing on the rationale of his motion that "having been sent a competent motion within the rules, the defendant was obligated to timely and properly respond within the time limitations specified within the Rules." (Dkt. No. 36, at 2.) The court construes both the content of plaintiff's motion and the absence of his reply to mean that he no longer seeks to compel defendant's production, but only seeks sanctions for the delay in the production.

(Dkt. No. 38, at 2.) Concluding that plaintiff sought only sanctions, the court denied plaintiff's motion based on the finding that defendant had now responded to plaintiff's production request and his failure earlier to respond had been substantially justified. The court reasoned (id. at 3):

> While defendant's response was more than a month late, it was personally served only two days after plaintiff denied defendant's request to stipulate to an extension of time. By this time, the court had extended the discovery deadline, thus rendering *de minimis* any prejudice plaintiff may otherwise have experienced. Plaintiff also has sought and obtained extensions of filing deadlines (see Dkt. Nos. 13 and 14, 17 and 18), and the court finds that defendant is entitled to the same deference. Thus, the court finds no basis for awarding sanctions.

Plaintiff responded by filing, on June 7, 2010, an "appeal" and "motion for reconsideration" of the court's May 13, 2010 order, and a request to withdraw his consent to the jurisdiction of the magistrate judge. (Dkt. No. 39.) By order filed June 11, 2010, this court denied plaintiff's appeal, motion and request, but extended the discovery deadline for a period of 21 days solely for the purpose of permitting plaintiff the opportunity to properly file his discovery motion. (Dkt. No. 40.) The court stated (id. at 4):

> The court . . . turns to the substance of plaintiff's challenge to the court's discovery ruling. Plaintiff still fails to specify the responses he challenges or the documents he seeks. Therefore, in deference to plaintiff's pro se status, the court will extend the discovery deadline for the limited purpose of permitting plaintiff to file a substantive motion relative to the disputed

3

production request, and to allow defendant time to respond.

Significantly, plaintiff did not file a revised motion to compel discovery, but instead, on July 1, 2010, sought an extension of the June 11, 2010 discovery deadline in order to respond to defendant's discovery requests served on plaintiff on June 11, 2010. (Dkt. No. 42.) The discovery was a request for production of documents and fifty-three interrogatories. Noting that the number of interrogatories was excessive,[1] and that the extended discovery deadline had not only expired on June 11, 2010, but the deadline for serving discovery had expired 60 days earlier,[2] the court directed defendant to "explain the reasons for the delay and the necessity of the discovery, including the excessive number of interrogatories." (Dkt. No. 44, at 2.)

Defendant responded that he "does not oppose Plaintiff['s] . . . request to extend the discovery deadline so that he can respond to defendants' discovery" (Dkt. No. 45, at 1), and explained:

> Defendant misread the Court amended discovery and scheduling order believing that discovery cut-off date was on September 10, 2010 and not June 11, 2010. As for the number of interrogatories, defendant intended to seek leave from the court to serve the additional interrogatories but the request was never filed because defense counsel was distracted by the disappearance of his minor son.

(Dkt. No. 45, at 2, fn. omitted.) Defendant's counsel filed a declaration stating that he was "embroiled in a horrific divorce" that included his wife taking their minor son out of the

---

[1] Absent a stipulation of the parties or an order of court, a party need not answer more than twenty-five of an opposing party's interrogatories. See Fed. R. Civ. P. 33(a)(1)("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts").

[2] When the court extended the discovery deadline deadline, it stated (Dkt. No. 35, at 6):

> The parties may conduct discovery until June 11, 2010. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery . . . shall be served not later than sixty (60) days prior to that date.

4

country.³  Counsel thus contends that his failure to timely propound discovery was due to his excusable neglect, citing Federal Rule of Civil Procedure 6(b),⁴ and asserts that the information sought by defendant's interrogatories is central to this litigation and permissible under Federal Rules of Civil Procedure 33(a)(1) (authorizing interrogatories in excess of 25 "to the extent consistent with Rule 26(b)(2)"), and Federal Rule of Civil Procedure 26(b)(2)(c), particularly subdivision (iii) (requiring the court to consider whether "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues").⁵

---

³ Counsel stated (Dkt. No. 45-1, at 1-2):

> I am currently embroiled in a horrific divorce proceedings (sic) wherein my estranged wife moved out [of] the country . . . and without my consent or knowledge she unilaterally . . . took my minor son with her. I had no idea where she had moved to and taken my son. I only learned last week where my son is now living. This stress has caused me to lose focus in my work. The stress of not knowing where my son was living caused me to misread the Court's scheduling order and to neglect to seek leave with the Court to serve additional interrogatories in excess of 25 as mandated by FED. R. CIV. P. 33.

⁴ Fed. R. Civ. P. 6(b) (1)(B) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

⁵ Fed. R. Civ. P. 26(b)(2)(C) provides in full:

(C) On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

    (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

    (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

    (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

While these matters were pending, plaintiff filed, on August 3, 2010, a "Second Motion to Compel Production of Documents" (Dkt. No. 46), again seeking defendant's further responses to plaintiff's Request for Production (Set One), and another Request for Sanctions (Dkt. No. 47). Defendant filed oppositions to both motions. (Dkt. Nos. 48, 49.) Plaintiff then filed a reply and moved for appointment of counsel (Dkt. No. 50), which defendant opposes (Dkt. No. 51).

The court addresses each of these matters in turn.

<u>DEFENDANT'S DISCOVERY REQUESTS TO PLAINTIFF</u>

Defendant asks the court to authorize, nunc pro tunc, the untimely service of his discovery requests on plaintiff, and the excessive number of interrogatories served, based on a finding that defendant's counsel acted with excusable neglect in failing to note the discovery deadline and failing to seek leave of court to propound additional interrogatories. In opposition, although plaintiff earlier "requested" an extension of the discovery deadline to respond to the subject discovery, plaintiff now vigorously opposes defendant's efforts to obtain the discovery.

The court has emphasized that its resolution of this matter would turn on the importance of the discovery and the reasons for defendant's delay in propounding it. (Dkt. No. 44.) "[I]n applying Rule 6(b), the Courts of Appeals have generally recognized that 'excusable neglect' may extend to inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." <u>Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,</u> 507 U.S. 380, 391-92 (1993) (fns. omitted).

Applying this "elastic concept," it is reasonable to conclude that counsel's personal distractions led him to misread or not fully read the deadlines and conditions of the court's discovery order. However, counsel should have been aware, as a routine matter in federal

6

cases, that he could not propound more than 25 interrogatories without leave of court.  More significantly, counsel has failed to demonstrate good cause for the subject discovery.  None of the discovery requests have been provided to the court.[6]  Defense counsel merely asks the court to trust his appraisal that "the discovery requests at issue are relevant and in fact central to this litigation;" that "the interrogatories in question seek the facts underlying Plaintiff's claims, issues that, by definition, Plaintiff's own pleadings have made relevant and discoverable;" that "if Plaintiff's response to [prior] requests for productions (sic) and interrogatories is any indication, the depositions may not provide the information that is needed, and certainly not the full scope of discovery to which defendant Dr. Tan is entitled;" and that "contention interrogatories at this late stage can play a useful role in advancing the litigation." (Dkt. No. 45, at 2-3.)  Counsel adds that, because "[p]laintiff's allegations regarding his medical treatment is likely addressed by expert reports . . . the burden of responding to this discovery is not great . . . [while] the probative value . . . is high since medical care (indifference to) is at issue." (Id. at 3.)

Defendant notes that plaintiff has provided responses to prior requests for production and interrogatories.  The court is hard pressed to conceive of relevant documents within plaintiff's possession that may not have been disclosed in response to defendant's presumably comprehensive first production request.  More importantly, it appears that defendant's new interrogatories are limited to contention interrogatories.  This gives the court additional pause.  "[P]laintiff is not required to present his entire case in discovery responses. 'Each and every fact' interrogatories pose problems for a responding party and a reviewing court. Parties are not tasked with laying out every jot and tittle of their evidentiary case in response to interrogatories." Tubbs v. Sacramento County Jail, 2008 WL 863974, *1 (E.D. Cal. 2008), citing

---

[6] The court is cognizant of its order that " [d]iscovery requests shall not be filed with the court except when required by Local Rules 250.1, 250.2, 250.3 and 250.4." (Dkt. No. 35, at 6.) However, Local Rule 250.1(c) requires the filing of interrogatories that are "at issue" before the court, while Local Rule 250.2(c) requires the filing of production requests that are "at issue" before the court.

7

1  Lucero v. Valdez, 240 F.R.D. 591, 594 (D.N.M. 2007) ('[c]ontention interrogatories should not
2  require a party to provide the equivalent of a narrative account of its case, including every
3  evidentiary fact . . . .'). The court is particularly reluctant to authorize contention interrogatories
4  it has not reviewed. See 10A Fed. Proc., L. Ed. § 26:583 (fn. omitted) ("An opinion or
5  contention interrogatory must be phrased with particularity. It will be considered on its own
6  merits and by practical considerations of whether the need for the information outweighs the
7  prejudice and burden to the interrogated party in divulging it.") These concerns are underscored
8  by the present circumstances, where plaintiff is a prisoner who does not speak English and is
9  relying on the legal "expertise" of another inmate. The risk is high that plaintiff may
10 inadvertently narrow or eliminate some of his allegations.

11         For these reasons, the court does not find good cause to require plaintiff's
12 responses to defendant's outstanding discovery requests. The court will therefore deny plaintiff's
13 request for an extension of time within which to respond to defendant's requests.

14 <u>PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS</u>

15         Plaintiff's motion is untimely. Plaintiff was given 21 days after service of this
16 court's order filed June 11, 2010 (or until July 6, 2010, allowing time for service and a federal
17 holiday) to submit the motion he filed on August 3, 2010. (See Dkt. No. 40.) Moreover, the
18 court extended the June 11, 2010 discovery deadline solely for the purpose of considering
19 plaintiff's renewed motion.

20         Nonetheless, given plaintiff's pro se status, the court has reviewed the substance
21 of the disputed production requests (as set forth in Dkt. Nos. 36, 46, 48), although neither party
22 has provided the verbatim responses of defendant (defendant only paraphrases his responses and
23 objections), and concludes that no further response is necessary.

24         In general, the requests are overly broad, of limited relevance, and production
25 would be unduly burdensome, even if the requested documents were in defendant's possession.
26 ////

Defendant reasonably objected to Request Nos. 1-3,[7] on these grounds, as well as the representation, that none of the responsive documents are within defendant's possession, custody or control; and that the information sought by Request Nos. 1 and 2 is equally available to plaintiff in the prison law library.

Request Nos. 4 and 5 seek to ascertain whether other complaints have been made against defendant Tan regarding his provision of medical treatment.[8] Request No. 4 seeks information about any administrative complaints filed against the defendant during his employment with the CDCR, while Request No. 5 seeks any reports of misconduct or

---

[7] These requests seek the following documents:

Request No. 1: "Any and all documents that refer or relate to policies, procedures, and practices in effect in March 2005 for CSP Solano medical staff regarding the examination and treatment of prisoners and dispensing of medication.  This request includes, but is not limited to all policies, procedures, and/or practices generated by the CDCR as well as policies, practices, or procedures at or specific to CSP Solano."

Request No. 2: "Any and all records of all training that has been provided to each  defendant regarding the dispensing of emergency medical treatment to prisoners.  The time frame for this discovery request covers the time from when the defendant became employed by the CDCR to the present."

Request No. 3: "Any and all documents received, read or reviewed by the defendant that refer to relate to the dispensing of medication."

[8] These requests provide:

Request No. 4: "Any and all administrative complaints filed against the defendant during his employment with the CDCR.  Further, you shall include the disposition of said complaints, sustained or unsustained, including any adverse actions taken, discipline given, and any internal findings of fact regarding said complaint."

Request No. 5: "Any and all mandatory federal "Query" results, or proof of meeting the Federal "Query requirements of the National Practitioner Data Bank (NPDB) as defined in Title IV,Public Law 99-660, the Health Care and Quality Improvement Act of 1986 which is codified in 45 C.F.R., Part 60. All Hospitals, including those within the CDCR are Health Care entities with mandatory requirements for querying the NPDB. Dr. Tan was/is required by federal law to make these mandatory queries (biennially). This request covers the period from March 2005 to present.  If you do not have custody or control of these materials, you shall ascertain the party who is responsible for them, and provide his or her name, title, and address, or in the alternative obtain these records yourself."

9

malpractice contained in the National Practitioner Data Bank ("NPDB"). In addition to asserting that he has no responsive documents, defendant contends that production of any documents responsive to Request Nos. 4 and 5 would violate the privacy rights of third-party inmates, while the information contained within the NPDB is equally available to plaintiff[9] but "Dr. Tan has not reported to any such data bank." Defendant also asserts that there are "other means" available to plaintiff to obtain such "expert testimony."

Because defendant asserts that he has no responsive documents, the only method for requiring further response to these requests would be to order that defendant submit an interrogatory-style response to plaintiff. While evidence of other allegations that defendant may have erred in his medical judgment may be inferentially relevant to plaintiff's Eighth Amendment claim, particularly if temporally coinciding with the allegations of this action, the admissibility of such evidence at trial would be limited. See, e.g., Fed. R. Evid. 405. Given the narrow facts of this case—Dr. Tan is alleged to have improperly prescribed and/or monitored a medication given to plaintiff and/or failed to ensure that plaintiff did not improperly combine prescribed medications—the court finds that the limited relevance of such evidence is outweighed by its potential overbreadth and prejudice to defendant.

Request Nos. 6-8, and 10[10] seek more specific information regarding defendant's

---

[9] The court's review of this website indicates that only certain entities may make inquiries, not individuals. See http://www.npdb-hipdb.hrsa.gov/entity.html; see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[10] These requests seek the following information:

Request No. 6: "You are to produce any and all documents and/or information in your possession regarding PLAINTIFFS' adverse reaction to any medication during the period March 2005 to present."

Request No. 7: "Any and all documents, notes, or materials in your possession relating to your prescribing "Baclofen" to the PLAINTIFF."

Request No. 8: "Any and all documents, notes, memoranda, or other information in your

medical treatment of plaintiff relative to the subject incident.  Although these requests are overbroad, defendant states that most of the requested medical information is contained in plaintiff's medical file and the documents generated pursuant to plaintiff's administrative grievance; that plaintiff already has this information; and that defendant does not have any other responsive documents.  Defendant also objects to these requests to the extent that they may be construed as seeking confidential attorney-client information or attorney work product.  The court finds defendant's responses and objections appropriate and adequate.

Finally, defendant states that he has responded to plaintiff's Request No. 9,[11] and thus no further response is required.

For these several reasons, the court concludes that defendant need not further respond to plaintiff's Request for Production (Set One); plaintiff's motion to compel such further response will be denied.

PLAINTIFF'S MOTIONS FOR SANCTIONS

Plaintiff seeks sanctions against defendant due to his alleged failure to comply with the terms of this court's order filed July 7, 2010.

The first such motion (Dkt. No. 47), read literally,[12] sought sanctions based on the alleged failure of defendant to respond to the court's July 7, 2010 order.  However, defendant did respond (Dkt. No. 45), addressing the matters of which the court inquired ("explain the reasons for the delay and the necessity of the discovery"), and filed a certificate of service on plaintiff

---

possession regarding the medical incident involving the PLAINTIFF, from March 2005, to present.  You shall include the names of all persons to whom you have spoken to regarding the initial incident, and all subsequent incidents stemming from PLAINTIFFS' emergency visit to the CSP Solano medical clinic."

[11] Plaintiff's Request No. 9 provides:  "You are to provide documentation of all medical schooling and training received by you whether in the United States or abroad.  This request includes all Medical Board certifications, and/or waivers of certifications both before and during your employment by the CDCR."

[12] In subsequent filings, plaintiff disputes the content and "literal reading" of this motion; the construction set forth above is consistent with the court's literal reading.

1  (Dkt. No. 45-1, at 3). Defendant made these same points in his opposition (Dkt. No. 49) to plaintiff's sanction request. Plaintiff replied (Dkt. No. 50), clarifying that he seeks sanctions based on the substance of defendant's response, alleging that defendant failed to comply with the "specific demands" of this court's July 7, 2010 order (id. at 2).

The court finds no basis for plaintiff's sanctions requests, which will be denied.

DEFENDANT'S REQUESTS FOR SANCTIONS

Defendant seeks sanctions for plaintiff's "mischaracterization of the Court's previous order" (Dkt. No. 48, at 1), and "for making . . . specious and spurious accusations" (Dkt. No. 49, at 2).

The court finds no basis for defendant's sanctions requests. The requests will be denied.

PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests appointment of counsel based on his declaration that he is a Mexican citizen who does not speak English, and that he must rely on the assistance of another inmate to pursue this action. This request is formally made pursuant to plaintiff's October 1, 2010 motion (Dkt. No. 50), but is repeated throughout plaintiff's other recent filings. This court denied plaintiff's prior request for counsel. (Dkt. No. 40.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of exceptional circumstances requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the petitioner's ability to articulate his claims in light of the complexity of the legal issues involved." Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004) (citations and internal quotations omitted).

While there may be a likelihood of success on the merits of plaintiff's claims if proven, plaintiff has adequately presented, albeit through another inmate, the salient factual allegations of this case (including a complaint, First Amended Complaint, and the now-operative Second Amended Complaint), as well as the matters now before the court. This is a relatively straightforward Eighth Amendment case that does not present the required exceptional circumstances for appointment of counsel. Plaintiff's request for the appointment of counsel will therefore be denied.

DISPOSITIVE MOTION DEADLINE

Due to the additional time required to address the outstanding discovery matters herein, the deadline for either party to file and serve a dispositive motion is extended from September 10, 2010, to November 12, 2010. This deadline authorizes but does not require such filing by either party. However, any motion to dismiss or motion for summary judgment must conform with the requirements of the Federal Rules of Civil Procedure and Local Rules. In addition, the parties shall be guided by the court's instructions set forth in its order filed June 29, 2009, at Paragraphs 9-11. (See Dkt. No. 23).

ADMONITION TO BOTH PARTIES

This is not the only action before this court, and not the only prisoner case in which the plaintiff does not speak English and proceeds without counsel, instead relying on the assistance of another inmate. The filings of litigants proceeding without counsel are scrutinized with care and, thus, there is no inherent disadvantage to litigants proceeding in pro se, or without counsel. However, all litigants, whether or not represented, disadvantage themselves by ignoring the Federal Rules of Civil Procedure and the instructions of the court, and by filing repetitive and argumentative briefs. The failure of defendant's counsel to have in place an office management system that would alert him to the court's deadlines set forth in its order filed February 16, 2010, and the failure of plaintiff to timely refile his discovery motion in response to this court's June 11, 2010 order, created unnecessary problems requiring the attention of this court and impeding

the progress of this case.

The parties are cautioned to exercise appropriate attention and restraint in the future. In addition to the requirements of the Federal Rules of Civil Procedure and Local Rules, defense counsel is subject to the formal rules of his profession, and plaintiff, a litigant proceeding in forma pauperis, may suffer restricted access to the court where it is determined that he has filed excessive motions in a pending action. DeLong v. Hennessey, 912 F.2d 1144 (9th Cir. 1990); see also Tripati v. Beaman, 878 F2d 351, 352 (10th Cir. 1989).

Accordingly, both parties are directed to carefully read and abide by this order and all future orders of this court.

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request for an extension of time (Dkt. No. 42) within which to respond to defendant's untimely discovery requests is denied; plaintiff need not respond to these requests.

2. Plaintiff's untimely motion to compel (Dkt. No. 46) further responses to Plaintiff's Request for Production (Set One), is denied; defendant need not further respond to these requests.

3. Plaintiff's motions for sanctions (Dkt. Nos. 47, 50) are denied.

4. Defendants' requests for sanctions (Dkt. Nos 48 and 49) are denied.

5. Plaintiff's motion for appointment of counsel (Dkt. No. 50) is denied.

6. The deadline for either party to file and serve a dispositive motion is extended from September 10, 2010 to November 12, 2010; if neither party files such motion then, after expiration of the deadline, the court will set pretrial and trial deadlines

7. The Clerk of Court is directed to send the parties a copy of this court's order filed June 29, 2009 (Dkt. No. 23).

1         SO ORDERED.
2  DATED: October 18, 2010
3
4
5                                                  _____
6                                                  KENDALL J. NEWMAN
                                                   UNITED STATES MAGISTRATE JUDGE
7  mont08000.disc.etc.