IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL MONTANO,

     Plaintiff,                     No. 2:07-cv-0800 KJN P

     vs.

DR. SOLOMON, et al.,

     Defendants.             <u>ORDER</u>

                               /

          Plaintiff is a state prisoner proceeding without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. A status conference is scheduled before this court on May 19, 2011, at which plaintiff will appear telephonically from his place of incarceration. By order filed April 20, 2011, the court informed plaintiff that it has no funding or personnel to accommodate plaintiff's request for appointment of an interpreter. The court noted in pertinent part (Dkt. No. 65 at 2-3):

> The authorization and funding for interpreters in the federal courts is provided solely to individuals appearing in criminal or civil actions initiated by the United States. <u>See</u> 28 U.S.C. § 1827(a), (d), § 1828(a). There is no funding or personnel to accommodate the interpreter needs of civil litigants, including prisoner civil rights litigants. Accordingly, this court has no authorization to provide plaintiff with interpreter services for any conference or hearing that may take place in this action. The status conference scheduled in this matter will therefore proceed without a

1

court-appointed interpreter for plaintiff.  If plaintiff is certain that he requires the assistance of an interpreter, he may privately arrange for, and retain, the services of a certified or other judicially-designated interpreter, for the limited purpose of assisting plaintiff from the courtroom at the May 19, 2011 telephone conference.  Alternatively, for purposes of the May 19, 2011 conference only, the court will consider utilizing, in the courtroom, the translation assistance of one of plaintiff's friends or family members.  If plaintiff intends to utilize any of these arrangements, he should make his proposal to the court no less than two weeks before the hearing, or by May 5, 2011.  Finally, although the court takes no position on the matter, plaintiff may attempt to coordinate with prison officials to obtain the informal translation services of a correctional staff member or another inmate, to assist plaintiff at the prison during the telephone conference.  Separate arrangements and court approval must be obtained for any future hearing in which plaintiff is certain he needs an interpreter, e.g., at settlement conference, at any hearing on a motion for summary judgment, at pretrial conference, or at trial.

Plaintiff has now filed a "Proposal for Spanish Interpreter During Court Proceedings," which requests that plaintiff be accompanied, during the telephonic conference at San Quentin, by both plaintiff's inmate legal assistant, Juan Moreno Haines (K23760/2N41U), and "[s]ince Mr. Haines does not speak Spanish, he will need his translator, Arnulfo T. Garcia (C14022/2N38L)." (Dkt. No. 66 at 1, 3.)  Plaintiff further notes that, "Plaintiff is housed at 'H' Unit, and his advisor and translator are housed at North Block.  These are separate locations at San Quentin State Prison, . . .'H' Unit prisoners are allowed to go into the North Block area, but North Block prisoners are not allowed to go into the 'H' Unit area." (Id. at 3.)

A decision on plaintiff's proposal, which is subject to further logistical considerations regarding the site for the telephone conference, necessarily rests with San Quentin prison officials.  As the court previously stated, "plaintiff may attempt to coordinate with prison officials to obtain the informal translation services of a correctional staff member or another inmate, to assist plaintiff at the prison during the telephone conference," but "the court takes no position on the matter." (Dkt. No. 65 at 3.)  Plaintiff must present his proposal to prison officials, who are hereby reminded that the subject telephone conference is scheduled for

2

1  Thursday, May 19, 2011, at 10:00 a.m.  (See Dkt. Nos. 64, 65.)

2           Accordingly, IT IS HEREBY ORDERED that plaintiff's motion filed May 9,

3  2011 (Dkt. No. 66), is denied without prejudice.

4  DATED: May 10, 2011

```
                                   _____
                                   KENDALL J. NEWMAN
                                   UNITED STATES MAGISTRATE JUDGE
```

8  mont0800.trnsltr.req