IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL MONTANO,

      Plaintiff,               No. 2:07-cv-0800 KJN P[1]

    vs.

SOLOMON, et al.,

      Defendants.      ORDER
_____/

        Plaintiff Raul Montano proceeds without counsel and in forma pauperis in this civil rights action filed October 19, 2006. The case proceeds on plaintiff's Second Amended Complaint ("SAC"), filed June 4, 2008 (Dkt. No. 19), against the sole remaining defendant Dr. Richard Tan, M.D., based on plaintiff's Eighth Amendment claim that defendant was deliberately indifferent to plaintiff's serious medical needs. Discovery has closed in this action, and the deadline for filing dispositive motions expired without either party filing such motion. The case is currently scheduled for the commencement of trial on September 19, 2011, with a pretrial conference scheduled for August 4, 2011.

////

---

[1] This action proceeds pursuant to the authority of the magistrate judge for all purposes. See 28 U.S.C. § 636(c); Local Rule 305(a). (Dkt. No 30.)

1

This order follows the court's status conference held on May 19, 2011. Plaintiff appeared telephonically, with the assistance of another inmate, Mr. Arnulfo Garcia, acting as an informal interpreter (plaintiff speaks only Spanish);[2] attorney Michael Terhorst appeared on behalf of defendant. At the status conference, the court addressed plaintiff's request for leave to file a Third Amended Complaint, and defendant's request to reopen discovery and extend the dispositive motion deadline. For the reasons stated at the hearing, and summarized herein, both requests are denied. Also at the status conference, the court confirmed that plaintiff sought to renew his request for appointment of counsel, and directed plaintiff to file such motion within seven days. Plaintiff has timely filed a new motion requesting appointment of counsel, which the court grants.

For the following reasons, the court denies plaintiff's request for leave to file his proposed Third Amended Complaint ("PTAC"). Plaintiff seeks to add new claims premised on a recently exhausted administrative grievance, wherein plaintiff sought to obtain crepe-soled shoes and assignment to a lower bunk. Both requests were premised on plaintiff's ongoing complaints of back pain. The PTAC would add five new defendants: one defendant, Dr. Solomon, who treated plaintiff prior to Dr. Tan's challenged conduct, was previously dismissed by the court; three defendants who have had only supervisory roles in evaluating plaintiff's most recent grievance (N. Podolsky, R.N., who interviewed plaintiff at the First Level regarding his new grievance; Jackie Clark, R.N., M.B.A., current CEO for San Quentin's Health Care program, who interviewed plaintiff at the Second Level regarding his new grievance; and C. Hammond, Inmate Appeals Examiner, who, on behalf of the Warden, reviewed and signed the Third Level Review of plaintiff's new grievance). Plaintiff concedes that Dr. Solomon was previously dismissed from this action, based on the court's finding that plaintiff had failed to state a

---

[2] Also present with plaintiff during the telephonic conference was the inmate who has drafted plaintiff's legal documents, Mr. Juan Haines, who speaks only English. Because Mr. Haines may not officially represent plaintiff's legal interests to the court, he was not heard on plaintiff's behalf.

1 potentially cognizable claim against Dr. Solomon.  Plaintiff also concedes , albeit implicitly, the
2 remote roles of the proposed supervisory defendants, alleging only that each were, or remain, in a
3 position to assist plaintiff but allegedly have failed to do so.  (PTAC, at 6, 8.)  Of the potentially
4 newly named defendants, only Dr. Reyes, plaintiff's current primary care physician, has had a
5 direct link with plaintiff's medical care.
6       An existing suit may not be fundamentally altered by the addition of new,
7 unrelated claims or defendants.  Federal Rule of Civil Procedure 18(a) allows a plaintiff to add
8 multiple claims to a lawsuit only if all of the claims are against the same defendant.  Fed. R. Civ.
9 P. 18(a).  Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants
10 to a lawsuit only if the right to relief arises out of the same "transaction, occurrence, or series of
11 transactions," and "any question of law or fact common to all defendants will arise in the action."
12 Fed. R. Civ. P. 20(a)(2).  Unrelated claims that involve different defendants must be brought in
13 separate lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"
14 complaints).
15       Plaintiff makes no new claims against the only currently named defendant, Dr.
16 Tan.  Plaintiff's new claims against the proposed new defendants are premised on an alleged
17 ongoing failure to provide adequate medical care for plaintiff's back pain that is unrelated in time
18 and circumstances to the incident giving rise to this action, viz., the allegedly inadequate medical
19 care provided by Dr. Tan, which allegedly resulted in plaintiff's loss of consciousness and
20 injuries sustained thereby.  While plaintiff's alleged injuries resulting from this incident include
21 ongoing back pain, this is the only common thread with plaintiff's newly exhausted
22 administrative grievance.  While plaintiff's alleged ongoing back pain may be relevant to the
23 amount of plaintiff's damages, it is not relevant to Dr. Tan's liability.  Accordingly, plaintiff's
24 ////
25 ////
26 ////

motion for leave to file a Third Amended Complaint at this late date is denied.[3]

The court also denies defendant's request to reopen discovery and to extend the dispositive motion deadline. The discovery deadline passed nearly a year ago, on June 11, 2010, while the dispositive motion deadline passed more than eight months ago, on September 10, 2010. As recounted by the court at the hearing, and acknowledged by defendant's counsel, defense counsel has had a record of missed deadlines and delay in this action. Defendant has failed to demonstrate due diligence in defending this action, or shown good cause for reopening deadlines long expired. The court finds no reason to further delay this relatively straightforward action that is already more than four years old.

At the conclusion of the status conference, plaintiff was directed to file, within seven days, a short memorandum that contained the following: (1) plaintiff's renewed request for appointment of counsel; (2) plaintiff's proposal, if any, for retaining a certified court interpreter, with an explanation whether plaintiff is able to pay for such assistance; and (3) plaintiff's statement whether he believes a settlement conference would be helpful in this case. Plaintiff timely filed a memorandum that includes his renewed request for appointment of counsel, a statement of his indigency, and plaintiff's representation that he "does not speak English sufficiently enough to adequately or effectively communicate in matters related to this litigation." (Dkt. No. 72.) Plaintiff did not submit a proposal for retaining a certified court interpreter at court proceedings, but did state at the status conference that he is unable to pay for such assistance. Plaintiff did not address his current views relative to scheduling a settlement conference.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the court

---

[3] This ruling does not, however, preclude plaintiff from filing a separate civil rights action premised on the exhaustion of his new administrative grievance.

may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  Exceptional circumstances supporting appointment of counsel include an evaluation of plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved, and the likelihood of success on the merits of plaintiff's claims.  Agyeman v. Corrections Corporation of America, 390 F.3d 1101, 1103 (9th Cir. 2004) (citations omitted).

Defendant has filed an opposition to plaintiff's renewed motion for appointment of counsel.  (See Dkt. No. 73.)  Although defendant is not opposed to the appointment of counsel for the limited purpose of assisting plaintiff at a "Mandatory Settlement Conference," defendant is opposed to the appointment of counsel through trial.  Defendant contends that this case fails to present the required "exceptional circumstances," because it is similar in content to the Section 1983 cases filed by prisoners in the federal courts "almost daily," and because defendant believes that plaintiff's case is "weak."  (Id. at 3.)

However, the court finds that the instant case presents the required exceptional circumstances warranting appointment of counsel.  The issues have been substantially narrowed in this case, and there is a reasonable likelihood that plaintiff may prevail on his allegations that defendant erred in prescribing a third medication to plaintiff, allegedly resulting in plaintiff's collapse and injuries.  Plaintiff is unable to articulate his claims in English, and the court lacks authority to appoint a certified interpreter for judicial proceedings.  (See Dkt. No. 65 at 2-3.)  However, appointed counsel may retain the services of an interpreter for court proceedings, and the costs may be reimbursable expenses, subject to counsel's timely request and the court's approval.  Moreover, it is possible that the court may be able to locate pro bono counsel who is bilingual in English and Spanish, which would be a significant asset in counsel's direct communications with plaintiff and, therefore, in moving this case forward.  The court therefore grants plaintiff's motion for appointment of counsel.

In his recently-filed memorandum, plaintiff failed to address whether he currently

believes that a settlement conference would be helpful in this case.  However, both parties previously requested that a settlement conference be scheduled, and agreed to the undersigned presiding over the conference.[4]  Accordingly, once counsel is appointed in this action, the court will schedule a settlement conference.  Thereafter, if the case does not settle, the court will reset the deadlines for pretrial conference and trial.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to file his proposed Third Amended Complaint is denied;

2. Defendant's request to reopen discovery and to extend the dispositive motion deadline is denied;

3. The currently-set dates for commencement of trial (September 19, 2011), and pretrial conference (August 4, 2011), are vacated pending further order of this court;

4. Plaintiff's request for appointment of counsel (Dkt. No. 72) is granted; the Clerk of Court is directed to contact Sujean Park, Alternative Dispute Resolution Coordinator, for the purpose of locating forthwith an attorney admitted to practice in this court who is willing to accept the appointment, and, if possible, preferably an attorney who is bilingual in English and Spanish; and

5. Once counsel is appointed, the court will schedule a settlement conference before the undersigned at the earliest convenience of the parties.

DATED: June 6, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mont0800.appt.cnsl.etc.

---

[4] In his status report filed March 28, 2011, plaintiff stated that he "seeks a settlement agreement with Defendant Richard Tan, and will consider some form of ADR. . . . Plaintiff will waive any disqualification and stipulate to the trial judge acting as a settlement judge." (Dkt. No. 62 at 4-5.) Defendant concurs. (Dkt. No. 59 at 3; Dkt. No. 68 at 3.)