IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL MONTANO,

       Plaintiff,                     No. 2:07-cv-0800 KJN P

   vs.

SOLOMON, et al.,

       Defendants.            <u>ORDER</u>

                               /

        Plaintiff is a state prisoner, proceeding with appointed counsel, in a civil rights action filed pursuant to 42 U.S.C. § 1983, against one defendant, Dr. Richard Tan. This action proceeds pursuant to the authority of the undersigned magistrate judge for all purposes. 28 U.S.C. § 636(c); Local Rule 305(a).

        On December 30, 2011, this court directed the filing, under seal, of a memorandum and declaration submitted by plaintiff's appointed counsel, Jessica Juarez. (Dkt. No. 85.) Pursuant to these matters, Ms. Juarez seeks to withdraw her appointment as counsel for plaintiff. The court directed plaintiff Raul Montano to file, within fourteen days, a written statement informing the court whether he opposes the withdrawal of Ms. Juarez. Plaintiff has not responded to the court's order.

////

In a subsequent declaration filed by Ms. Juarez, on February 21, 2012, she avers in pertinent part (Dkt. No. 87 at 1-2):

> . . . 3. On or about December 12, 2011, I filed with the Court a motion seeking to withdraw as counsel.
>
> 4. On the same day, I mailed to Mr. Montano a letter, written in Spanish, informing him that I had filed the motion as previously discussed with him in person. A copy of the motion was also attached.
>
> 5. On or about January 3, 2012, I corresponded again with Mr. Montano and stated that he had fourteen (14) days from the filing of the Court's Order on December 30, 2011, to write and inform the Court of whether he would consent to my withdrawal as counsel.
>
> 6. On or about January 9, 2012, I received a letter written in English from Mr. Montano letting me know that he does not consent to my withdrawal from his case.
>
> 7. I have had no further correspondence with Mr. Montano nor have I received a copy of any communication Mr. Montano may have filed or sent to the Court.
>
> 8. On February 20, 2012 I sent a copy of this declaration to opposing counsel and my client, Raul Montano. The mailing address I used for my client is as follows: Raul Montano, T56993 San Quentin State Prison, San Quentin, CA 94974. [The court's inquiry, pursuant to CDCR's "Inmate Locator," indicates that this address remains current.]
>
> 9. I again, respectfully request that I be permitted to withdraw as counsel as I believe that the Rules of Professional Conduct would be violated if I continue to represent Plaintiff Raul Montano.

The court finds that Ms. Juarez has demonstrated good cause in support of her request to withdraw. Accordingly, Ms. Juarez will be dismissed from this action upon the filing of this order.

The court will not consider any subsequent motion by plaintiff for appointment of counsel. Because attorneys appointed to represent prisoners in civil rights actions work voluntarily, and on a pro bono basis, the number of available attorneys is very limited. Plaintiff is reminded that the undersigned carefully considered plaintiff's unique circumstances when it

////

////

authorized appointment of counsel.  Although the court previously denied plaintiff's requests,[1] the court later determined, in part, that "[p]laintiff is unable to articulate his claims in English, and the court lacks authority to appoint a certified interpreter for judicial proceedings.  However, appointed counsel may retain the services of an interpreter for court proceedings, and the costs may be reimbursable expenses, subject to counsel's timely request and the court's approval.  Moreover, it is possible that the court may be able to locate pro bono counsel who is bilingual in English and Spanish, which would be a significant asset in counsel's direct communications with plaintiff and, therefore, in moving this case forward.  The court therefore grants plaintiff's motion for appointment of counsel."  (Dkt. No. 75 at 5) (internal citation omitted).  Although plaintiff was fortunate to obtain appointed counsel with these skills, he was unable to work effectively with counsel.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Ms. Jessica Juarez motion to withdraw as plaintiff's appointed counsel (Dkt. No. 84) is granted; Ms. Juarez is relieved immediately upon the filing of this order.

2. The Clerk of Court shall mail plaintiff a copy of this order.

3. Discovery closed in this action on December 16, 2011; the deadline for filing dispositive motions is hereby extended to April 6, 2012.

SO ORDERED.

DATED: February 28, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mont0800.withdraw.cnsl

---

[1] The court previously noted that "[t]his is a relatively straightforward Eighth Amendment case," and "not the only action . . . in which the plaintiff does not speak English and proceeds without counsel, instead relying on the assistance of another inmate.  The filings of litigants proceeding without counsel are scrutinized with care and, thus, there is no inherent disadvantage to litigants proceeding in pro se, or without counsel."  (Dkt. No. 53 at 13.)