IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL MONTANO,

      Plaintiff,                    No. 2:07-cv-0800 KJN P

      vs.

SOLOMON, et al.,                  ORDER

      Defendants.

_____/

      Plaintiff is a state prisoner proceeding without counsel[1] with a civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against one remaining defendant, Dr. Richard Tan.  Both parties have consented to the jurisdiction of the magistrate judge for all purposes.  See 28 U.S.C. § 636(c); Local Rule 305(a)

      On June 29, 2009, the court advised plaintiff of the requirements for opposing a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  (Dkt. No. 23.)  See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).  These requirements include the necessity

---

[1] On June 7, 2011, this court granted plaintiff's request for appointment of counsel (Dkt. No. 75) and, on August 22, 2011, the court made such appointment (Dkt. No. 77).  However, counsel subsequently requested to withdraw from such representation (Dkt. No. 84), which was granted on February 28, 2012 (Dkt. No. 88).

1

that plaintiff file an opposition to any motion for summary judgment within 21 days after service of the motion. See E.D. Cal. L. R. 230 (*l*).

On March 28, 2012, defendant filed a motion for summary judgment. (Dkt. No. 90.) Plaintiff did not file an opposition, or any other response to the motion. On April 27, 2012, the court directed plaintiff to file, within 14 days, an opposition or a statement of non-opposition to the pending motion for summary judgment. In that same order, plaintiff was advised that failure to oppose such a motion would be deemed as consent to have the: (a) pending motion granted; (b) action dismissed for lack of prosecution; and (c) action dismissed based on plaintiff's failure to comply with these rules and a court order. Plaintiff was further informed that failure to file an opposition would result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The fourteen-day period has now expired and plaintiff has not responded to the court's order.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining whether to dismiss this action, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. The action has been pending for 4 years, and has reached the stage, extended by the court's September 23, 2011 further scheduling order, for resolution of dispositive motions and, if

necessary, preparation for pretrial conference and jury trial.  Significantly, the court sought to support plaintiff through these proceedings by appointing counsel who spoke Spanish, plaintiff's native language; however, counsel sought and obtained withdrawal based largely on plaintiff's lack of cooperation in pursuing this action.  This demonstrated lack of commitment, in addition to plaintiff's subsequent failure to comply with the Local Rules and orders of this court, suggest that he has abandoned this action, and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

Under the circumstances of this case, the third factor, prejudice to defendant from plaintiff's failure to oppose the motion, also favors dismissal.  Plaintiff's failure to oppose the motion prevents defendant from addressing a substantive opposition, further delaying resolution of this action, and causing defendant to incur additional time and expense.[2]

The fifth factor also favors dismissal.  The court has advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail.  The court finds no suitable alternative to dismissal of this action.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction.  However, for the reasons set forth above, the first, second, third, and fifth factors strongly support dismissal.  Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.  See Ferdik, 963 F.2d at 1263.

////

////

////

////

---

[2] In the absence of a substantive response by plaintiff, the court denies defendant's implicit request that this action be decided on the merits.

1   For the foregoing reasons, IT IS HEREBY ORDERED that this action is
2  dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).
3  DATED: May 21, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mont0800.no.oppo.ord.dism