IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL MONTANO,

      Plaintiff,                           No. 2:07-cv-0800 KJN[1] P

    vs.

SOLOMON, et al.,                      ORDER

      Defendants.

_____/

      On May 22, 2012, this court dismissed this action without prejudice due to plaintiff's failure to file an opposition to defendant's motion for summary judgment. (See Dkt. Nos. 95, 96.) On May 31, 2012, plaintiff filed an opposition to the motion and, on June 6, 2012, plaintiff filed a declaration, under penalty of perjury, seeking reconsideration of the court's dismissal order. (See Dkt. Nos. 97, 98.) Plaintiff stated in pertinent part that he mailed his opposition to the wrong court address; that, "when the motion . . . came back to me at this prison, it was held by prison authorities for more than three weeks before they returned it to me so that I could mail it to the correct address"; and the next day plaintiff mailed his opposition to the correct court address for filing. (Dkt. No. 98 at 1-2.) Plaintiff avers that he served papers upon

---

[1] This action proceeds pursuant to the authority of the magistrate judge for all purposes. See 28 U.S.C. § 636(c); Local Rule 305(a).

1

defendants each time he sent papers to the court for filing.  (Id. at 2.)

For good cause shown, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (Dkt. No. 98), is granted.

2. This court's order and judgment dismissing this action (Dkt. Nos. 95, 96), are vacated.

3. Sole remaining defendant, Dr. Richard Tan, is directed to notice, file, and serve a new motion for summary judgment, including all pertinent exhibits, that includes notice to plaintiff of the requirements for opposing a motion for summary judgment, as set forth in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc).[2]

---

[2] Such notice, which should include the following information, is also provided herewith:

Plaintiff is hereby informed of the following requirements for opposing a motion for summary judgment:

Pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), and Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), the following requirements apply for opposing a motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Such a motion is a request for an order for judgment in favor of the defendant without trial.  A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies.  Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are.  Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.

If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true and

4. Plaintiff shall file and serve his opposition within twenty-one (21) days after service of defendant's motion; defendant's reply, if any, shall be filed and served within seven (7) days after service of the opposition.

SO ORDERED.

DATED: September 5, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mont0800.reopen.

---

grant the motion. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion. See Fed. R. Civ. P. 56(d).

If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion. See L.R. 230(*l*).

If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant. In the present case, summary judgment for defendant Tan would end the entire case.